**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

ELLIOT CASRAY BOOSE,

      Plaintiff,

vs.                                                          CASE NO. 3:06-cv-1063-J-25TEM

SEMPERIAN, LLC,

      Defendant.

_____

## O R D E R

This case is before the Court on Plaintiff's Motion for Service of Subpoenas by Court and Continuance or Extension of Time Request for Court Appointment of Counsel and Request for Trial by Court (Opposed), filed April 9, 2008 (Doc. #50).  The instant matter has been referred to the undersigned for consideration as to the request for appointment of counsel.  Other requests contained within the instant motion remain pending before the District Judge.

Upon review of Plaintiff's request for appointment of counsel, the Court has determined the request is due to be denied and thus enters this ruling without awaiting the normal response period for opposition.[1]  The undersigned also notes this case is scheduled for final pretrial conference before the Honorable Henry Lee Adams on April 25, 2008, at which Plaintiff shall appear on his own behalf.

Plaintiff is proceeding in this litigation on a *pro se* basis and has been granted *in forma pauperis* status by the Court (*see* Doc. #5, Court Order).  Under 28 U.S.C. §

_____

[1]*See* Local Rule 1.01(c), wherein the Court may suspend application and enforcement of the local rules in whole or in part in the interests of justice.

1915(e)(1), a court may "request an attorney to represent any person unable to afford counsel." However, a plaintiff in a civil case has no constitutional right to counsel. The decision to appoint counsel for an indigent plaintiff is purely discretionary. *Bass v. Perrin,* 170 F.3d 1312, 1320 (11th Cir. 1999). The district court has broad discretion in making the decision appoint counsel under section 1915. *See Killian v. Holt*, 166 F.3d 1156, 1157 (11th Cir.1999). Furthermore, counsel should be appointed "only in exceptional circumstances." *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir.1992).

In this case, there are no exceptional circumstances that would require the appointment of counsel. In *Dean v. Barber*, the court indicated that where the facts and legal issues are so novel or complex as to require the assistance of a trained attorney, the appointment of counsel may be appropriate. *Id.* The undersigned does not find the facts of the instant action to be that novel or complex. Further, Court's ability to honor requests for appointment of counsel to indigent parties is hindered by the limited number of volunteer attorneys willing to accept appointment on a *pro bono* basis in private, civil litigation. *See Holloway v. Cannon*, Case No. 96-694-CIV-T25A, 1997 WL 34626134 (M.D. Fla. Mar. 4, 1997). A court may request, but can not require, an attorney represent an indigent civil litigant. *Mallard v. U.S. Dist. Court for Southern Dist. of Iowa*, 490 U.S. 296 (1989).

A plaintiff's "ability to understand and present his own claims" is closely considered by the Court when a *pro se* litigant seeks appointment of counsel. *Vining v. Runyon,* 99 F.3d 1056, 1057 (11th Cir. 1996) (per curiam). The Court also considers the merits of the plaintiff's claim, the plaintiff's efforts to obtain counsel, and the plaintiff's financial inability to retain counsel. *See Reynolds v. Roberts,* 846 F. Supp. 948, 951 (M.D. Ala. 1994) (quoting *Luna v. International Ass'n of Machinists and Aerospace Workers Local # 36*, 614

2

F.2d 529, 531 (5th Cir. 1980)).  Here, review of the pleadings filed in this case reveals Plaintiff has shown the ability to litigate the action *pro se.  See Holloway v. Cannon*, 1997 WL 34626134 at *1 (referencing *Wolff v. McDonnell*, 418 U.S. 539 (1974)).  Although Plaintiff is indigent in the eyes of the Court, he has failed to demonstrate such exceptional circumstances as would warrant the appointment of counsel.

Having considered the above-mentioned factors, the Court finds appointment of counsel is not appropriate under the circumstances.

Accordingly, it is hereby **ORDERED:**

Plaintiff's request for appointment of counsel, as contained within the referenced motion (Doc. #50) is **DENIED without prejudice**.

**DONE AND ORDERED** at Jacksonville, Florida, this __18th__ day of April, 2008.

Copies to all counsel of record
        and *pro se* Plaintiff

**THOMAS E. MORRIS**
United States Magistrate Judge